# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD LEE PRESTON RUPP, <br><br> Defendant. | No. CR04-4025-DEO <br><br> **REPORT AND RECOMMNEDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

This case is before me on a petition (Doc. No. 54) to revoke defendant Ronald Lee Preston Rupp's supervised release. The Honorable Donald E. O'Brien referred this matter to me for the issuance of a report and recommended disposition (Doc. No. 58). I held a hearing on December 3, 2012. Plaintiff (the Government) was represented by Assistant United States Attorney Jack Lammers. Rupp appeared in person with his attorney, Douglas Roehrich. United States Probation Officer Dustin Lutgen was also present. Neither party offered the testimony of any witnesses.

## I. BACKGROUND

On September 8, 2004, Rupp was sentenced to 92 months of incarceration and four years of supervised release based on his pleas of guilty to (a) conspiracy to distribute 50 grams or more of methamphetamine mixture and (b) distribution of 50 grams of methamphetamine mixture. *See* Doc. No. 37. After completing his federal prison term, Rupp began serving his term of supervised release (TSR) on February 25, 2011.

The petition to revoke Rupp's TSR itemizes seven alleged violations arising from the following alleged facts:

Rupp failed to show for a random urinalysis on April 18, 19, and September 6, 2011, and subsequently tested positive for cocaine from a random urinalysis submitted on October 24, 2011. His TSR was modified on November 7, 2011, to include two weekends in jail for these violations.

On November 22, 2011, February 4, 2012, and March 2, 2012, Rupp again failed to show for random urinalysis. His TSR was modified to include 15 hours of community service, which have been satisfied.

On April 9, 2012, Rupp tested positive for marijuana and cocaine. He was also caught attempting to use a "Wizzinator" during this urinalysis. His TSR was modified on April 12, 2012, to include five weekends in jail. This requirement has been satisfied. In the request for modification, United States Probation (Probation) noted extended periods of unemployment. Judge O'Brien added a modification that if Rupp was not employed full-time (at least 35 hours) by May 1, 2012, he would reside in a Residential Reentry Center (RRC) for a period of up to 180 days. If he was not employed at a regular lawful occupation, he had to participate in employment workshops and report to Probation his daily job search results or other employment-related activities. By failing to secure employment, participate in employment workshops or provide verification of daily job search results, he would be required to perform 20 hours of community service per week until employed. Rupp obtained full-time employment on April 23, 2012.

On November 20, 2012, Rupp was asked to provide a pay stub to Probation and admitted that he had been unemployed for about five weeks. He stated that his employment had been terminated due to a dispute with his employer. Not only was this a violation, but it also turned out to be a false statement. Probation contacted Rupp's former employer and learned that Rupp's actual last date of employment was August 28, 2012. Rupp had called in sick on August 29 and 30, 2012, and on September 6, 2012, his girlfriend called to report that Rupp had been hospitalized since September 4, 2012. Rupp made no further contact with the employer and did not return to work.

## II. ANALYSIS

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Holt*, 664 F.3d 1147, 1149 (8th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(3)). The court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

At the hearing, Rupp admitted to all seven violations alleged in the revocation petition. Accordingly, I find by a preponderance of the evidence that Rupp violated the terms and conditions of his supervised release. Having so found, 18 U.S.C. § 3583(e) requires that I consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether Rupp's term of supervised release should be terminated, extended, modified, or revoked. Although I am not required to cite each relevant factor in § 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), those factors are set forth below for the convenience of the district court in reviewing this Report and Recommendation:

> The court, in determining the particular sentence to be imposed, shall consider –
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed –
> >
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B) to afford adequate deterrence to criminal conduct;
> > >
> > > (C) to protect the public from further crimes of the defendant; and

> > (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . . .
>
> (4)  the kinds of sentence and the sentencing range established for –
>
> > . . . .
> >
> > (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> (5)  any pertinent policy statement –
>
> > (A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> >
> > (B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
>
> (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (as referenced in 18 U.S.C. § 3583(e)).  After considering these factors, I may terminate, extend, revoke, or modify the term of supervised release as

set forth in § 3583(e). Revocation is mandatory in this case pursuant to 18 U.S.C. § 3583(g) because Rupp's admitted violations include refusal to comply with drug testing imposed as a condition of release.

Probation has recommended that Rupp's term of supervised release be revoked, that Rupp be sentenced to time served and that the existing terms of his TSR be re-imposed and modified with the following, additional terms: (a) GPS monitoring and home detention for 60 days and (b) incarceration in a designated facility for six consecutive weekends. At the hearing, neither party objected to this recommendation. I will consider the recommendation in light of the factors set forth in 18 U.S.C. § 3553(a).

### A.    *Nature and circumstances of offense, and Rupp's history and characteristics*

Rupp's original offenses were conspiracy to distribute 50 grams or more of methamphetamine mixture and distribution of 50 grams of methamphetamine mixture. The nature of the offense and the length of Rupp's federal sentence indicate that the crime was serious.

Rupp exhibits a significant problem with substance abuse. He successfully completed a residential drug abuse program during incarceration, was released to a RRC in Council Bluffs, Iowa and later completed outpatient drug treatment at the Jackson Recovery Center. However, the violations set forth in the petition and admitted by Rupp, such as failure to comply with drug testing on seven occasions and positive urinalysis tests showing use of a controlled substance on two occasions, indicate a continued difficulty with substance abuse.

### B.    *Deterrence of criminal conduct*

Any modification of supervised release imposed on Rupp must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Although many of the violations here constitute the most serious grade of violation and the guideline range of

5

imprisonment for these violations of supervised release is 8 to 14 months, I find that imprisonment beyond time served is not necessary to deter further criminal conduct by Rupp. Rather, I find that the recommendation of GPS monitoring and home detention for 60 days, along with six weekends in jail, will provide a sufficient deterrent.

C.  *Protection of the Public from Further Crimes*

Any modification of Rupp's term of supervised release must protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(C). Rupp is not accused of committing further crimes while on supervised release. I find that a sentence of time served, along with GPS monitoring and home detention for 60 days and six weekends in jail, is sufficient to protect the public from further crimes.

D.  *Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Rupp's conditions of TSR were previously modified to require that he reside in a RRC for up to 180 days if he could not secure full-time (at least 35 hours) employment by a certain date. Rupp obtained full-time employment before that date. The conditions of TSR currently require that when he is not employed at a regular lawful occupation, he must participate in employment workshops and report to United States Probation daily job search results or other employment-related activities. By failing to secure employment, participate in employment workshops or provide verification of daily job search results, he may be required to perform 20 hours of community service per week until employed. Re-imposing Rupp's conditions of TSR will require that he resume these employment-related activities as directed by United States Probation.

E.  *Sentencing Considerations*

I am required to consider pertinent policy statements issued by the United States Sentencing Commission in effect at the time of Rupp's sentencing. 18 U.S.C. § 3553(a)(5). I find two such policy statements to be relevant to this inquiry. The first,

Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. The most serious of Rupp's violations is a Grade C violation, which consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." Having so found, the court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation: "Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement). Based on his Criminal History Category of VI, Rupp's recommended range of imprisonment pursuant to the Sentencing Guidelines is 8 to 14 months, with a maximum statutory imprisonment of three years. *See* U.S.S.G. § 7B1.4 (Policy Statement); 18 U.S.C. § 3583(e)(3).

## F.  *Sentencing Disparities*

The final consideration is whether my recommended disposition will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). I find it will not.

## G.  *Recommendation*

The Eighth Circuit has

> required that courts consider the policy statements in Chapter 7 [of the Sentencing Guidelines] when sentencing a violator of supervised release and [has] concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory. There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."

*United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (citation omitted) (quoting *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991)). Failure to provide written reasons for sentencing outside the applicable policy statement range for

revocation sentences is not reversible error, although written statements of reasons are helpful for the parties, reviewing courts, and the Sentencing Commission. *Id.* at 739; *accord United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992) ("Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from a binding guideline."). "The district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted." *United States v. Carr*, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam); *accord United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003).

I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Rupp's TSR be revoked and that Rupp be sentenced to time served. I further recommend that the terms of Rupp's TSR be re-imposed and that they be modified to include: (a) GPS monitoring and home detention for 60 days, under terms and conditions to be established by Probation, and (b) incarceration for six consecutive weekends in a facility to be designated by Probation.

In light of the foregoing, I find that revocation with a sentence of time served, along with the modifications described above, will further the goals of deterrence and incapacitation, reflects the seriousness of Rupp's conduct, and provides just punishment for such conduct. Such a sentence is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

### *III. CONCLUSION*

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED that the Government's motion to revoke Rupp's supervised release be **granted**, that

Rupp be sentenced to time served, and that the existing terms of Rupp's TSR be re-imposed and modified consistent with the above report.[1]

Objections[2] must be filed **by December 19, 2012**. Responses to objections must be filed **by January 2, 2013**. However, I urge the parties to file any objections and responses as soon as possible to allow Judge O'Brien to issue a final ruling promptly.

**IT IS SO ORDERED.**

**DATED** this 5th day of December, 2012.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[1] Pursuant to the authority provided to me by Federal Rule of Criminal Procedure 32.1(a)(6), I released Rupp after the December 3, 2012, hearing under the existing terms of his TSR and subject to an additional condition that he be placed on GPS monitoring and home detention until Judge O'Brien issues a final ruling on this matter. My recommendation that Rupp be placed on 60 days of GPS monitoring and home detention anticipates that the 60-day period will be deemed to commence on December 3, 2012, even though the final ruling will not be issued until a later date.

[2] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59.