IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR04-4025-DEO |
| | ) | |
| Plaintiff, | ) | |
| | ) | MOTION TO DISMISS AND/OR |
| vs. | ) | MOTION TO CONTINUE THE |
| | ) | REVOCATION HEARING |
| RONALD LEE PRESTON RUPP, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, the Defendant and pursuant to Federal Rules of Criminal Procedure 32.1 state to the Court as follows:

1. Defendant was served with written notice of hearing based upon the U.S. Probation Office's efforts to revoke his supervised release.

2. Defendant objects to proceeding before a magistrate judge on such an important matter which involves judicial discretion with judicial interpretation and upholding portions of a prior confusing sentence. At the time the Defendant was originally sentenced he received an alternate sentence which provided as follows:

> **"The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 92 months. This term consists of 92 months on Count 2 of the Indictment, to be served concurrently. This sentenced shall be served concurrently with any sentence imposed in Woodbury County District Court Case No. FECR052306. In the alternative, if the guidelines are found unconstitutional the court would impose a 60 month sentence on each count to be served concurrently without further hearing..."**

3. The sentencing judge also did not require that the Defendant provide U/A's in the future as set forth in the checked box under supervised release portion of the judgment.

4. The United States Supreme Court decided *Booker*, *Kimbrough*, *Spears*, *Gall* and

other decisions which held that the United States Sentencing Guidelines are advisory and not mandatory.

5. As noted above, the District Court's Sentencing Order did not require all of the guidelines to become unconstitutional, just the mandatory nature of the guidelines so that the alternate sentence could be imposed. The Court retained authority to correct its sentence, in the future depending upon the application of the U.S. Sentencing Guidelines. Accordingly, if its Defendant's contention that once these cases were decided as set forth in paragraph four (4) above, that the Defendant should have been released from prison after 60 months and not required to serve the entire 92 months. This did not happen. That issue is not moot. However, had the Defendant been released as requested in his Rule 60 Motion, the time frame for the supervised release would have now run.

6. The Defendant through a jail house lawyer filed on January 29, 2009 a Rule 60(b)(1) Application to Judgment (which erroneously referred to the Federal Rules of Civil Procedure instead of the Federal Rules of Criminal Procedure). The Defendant was released from federal prison on August 10, 2010 to the half-way house. This request was denied by the Honorable Donald E. O'Brien on the 24th day of February, 2011. This two (2) year delay in ruling made the ruling ineffective from the standpoint of release from prison. Defendant contends that he should have been released on January 29, 2009. Had he been released on the 29th day of January, 2009, his supervised release starting on January 29, 2009, would be completed. The four (4) years would have run. The Defendant was however released from prison on August 10, 2010 and so his four years of supervised release is completed in any event.

7. Defendant contends that to the extent that the petition to revoke his supervised release is based upon some urine analysis, paragraphs 1 and 9 should be stricken. U.S. Probation

Officers procedurally are prevented from raising this issue since Defendant was not required to give U/As. U.S. Probation would be prevented from seeking a U/A from the Defendant without either a court Order or a warrant by the District Court.

8. As it relates to paragraphs 10 and 12, these state charges were never formally filed following testing of the items seized from the Defendant.

9. Defendant suffers from narcolepsy which causes him to fall asleep at unusual times and places. See script from Dr. Frank Marino attached hereto marked Exhibit A and by this reference made a part hereof. This forms the basis for this arrest under paragraph 11.

WHEREFORE, the undersigned prays the Court dismiss the efforts of U.S. Probation to revoke the supervised release of this Defendant as not timely and in violation of Defendant's Constitutional Rights to not be forced into a U/A without Court intervention. In the alternative, the Defendant prays that this matter be brought before the Honorable Donald E. O'Brien for the purposes of hearing and legal argument on these issues.

Dated this 11th day of February, 2011.

Respectfully submitted,

RHINEHART LAW, P.C.

By /s/ R. Scott Rhinehart
    R. Scott Rhinehart AT0000666
    2000 Leech Avenue
    Sioux City, IA 51106
    Phone: 712-258-8706
    Fax: 712-233-3417
    courts@rhinehartlaw.com
    ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on FebrU/Ary 11, 2015.

By: \_\_\_\_\_ U.S. Mail  \_\_\_\_\_ Facsimile
\_\_\_\_\_ Hand delivered  \_\_\_\_\_ Overnight courier
\_X\_ Efile

Signature /s/ Tara Osterholt

EXHIBIT A

