# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD LEE PRESTON RUPP, <br><br> Defendant. | No. 04-CR-4025-MWB <br><br> **REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS SUPERVISED RELEASE PETITION** |

## I. INTRODUCTION

Before me is defendant's motion to dismiss the petition to revoke his supervised release. Doc. 127. The government has resisted defendant's motion. Doc. 130. For the reasons that follow, I respectfully recommend that the Court deny defendant's motion to dismiss.

## II. PROCEDURAL HISTORY

On September 2, 2016, the Honorable Mark W. Bennett, Senior United States District Court Judge, signed a petition to revoke defendant's supervised release and issued a summons for defendant to appear at a hearing on September 7, 2016. Docs. 111, 112. Defendant sought, and the Court granted, a continuance of the hearing to September 23, 2016. Doc. 115.

On September 21, 2016, a grand jury returned an indictment against defendant for new acts of distributing controlled substances. (Case No. 16-CR-4079-MWB). On the

same day, the government filed an amended petition seeking revocation of defendant's supervised release based on a new law violation. Doc. 116.

On September 23, 2016, authorities arrested defendant for the new criminal offense when he appeared at the courthouse for his revocation hearing in this case. On the same day, the Court entered an order continuing the revocation hearing in this case indefinitely. Doc. 118.

## III. DISCUSSION

Defendant's initial motion to dismiss the petition to revoke his supervised release simply argues that the petition "should be dismissed given the government's decision not to proceed with that hearing." Doc. 127, at 1. Defendant cited no legal authority for the motion, and the government did not resist. Finding both parties failed to comply with local rules, I ordered supplemental briefing by the parties. Doc. 128. In defendant's Supplemental Brief in Support of Motion to Dismiss, defendant cited Rule 32.1(b)(2) and argued that "[t]he Government decided to continue the detention hearing[1] without prior notice to this Defendant." Doc. 129, at 1. Defendant also argued that on November 18, 2016, defendant pled guilty to the new criminal charge (Case No. 16-CR-4079-MWB) and that the "plea agreement . . . resolves all prior and current issues." *Id*. The government resisted defendant's motion, arguing that dismissal is not warranted under Rule 32 and that the plea in the new criminal case did not resolve the pending petition to revoke defendant's supervised release in this case. Doc. 130.

Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure provides:

> (2) Revocation Hearing. Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. The person is entitled to:

---

[1] I assume defendant meant "revocation hearing" instead of "detention hearing."

>>(A) written notice of the alleged violation;
>>(B) disclosure of the evidence against the person;
>>(C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;
>>(D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and
>>(E) an opportunity to make a statement and present any information in mitigation.

FED. R. CRIM. P. 32.1(b)(2). Defendant's argument that dismissal is required because the "Government decided to continue the detention hearing without prior notice to" defendant is factually inaccurate and legally irrelevant. The government did not move to continue the revocation hearing; the Court continued the hearing sua sponte. Second, there is nothing in Rule 32.1(b)(2) that requires prior notice to a defendant before continuing a revocation hearing.

To the extent Rule 32.1(b)(2) applies to this situation, the focus must be on the requirement that the Court hold the revocation hearing "within a reasonable time." Due process requires that a revocation hearing "be tendered within a reasonable time after the parolee is taken into custody" for violating the conditions of parole. *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). The same protections granted those who faced parole revocations apply equally to those who face supervised release revocations. *See United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). However, the Supreme Court has also made it clear that it is the act of taking the defendant into custody on the petition to revoke that triggers the due process rights for a timely hearing because "the loss of liberty as a parole violator does not occur until the parolee is taken into custody. . .." *Moody v. Daggett*, 429 U.S. 78, 87–89 (1976).

Thus, the Eighth Circuit Court of Appeals has held that the "reasonable time" requirement of Rule 32.1(b)(2) applies only when a defendant is taken into custody on a

pending petition to revoke supervised release. *See United States v. Pardue*, 363 F.3d 695, 698 (8th Cir. 2004) ("Rule 32.1 exists to protect the probationer from undue federal incarceration and to protect the probationer's ability to defend the violation allegations…. Because of Pardue's pending state charges, no undue federal incarceration occurred."). Other Circuit Courts of Appeal are in agreement. *See*, *e.g.*, *United States v. Arellano*, 645 Fed. App'x 235, 236 (4th Cir. 2016) (denying a motion to dismiss a petition to revoke supervised release, finding the "reasonable time" requirement for holding a hearing did not apply until the defendant was taken into custody on the petition to revoke supervised release); *United States v. Chaklader*, 987 F.2d 75, 77 (1st Cir. 1993) ("[T]here is 'no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator.'" (quoting *Moody*, 429 U.S. at 89)); *McDonald v. N.M. Parole Bd.*, 955 F.2d 631, 633 (10th Cir. 1991) (noting "hearing requirements and time limitations" applicable to a final revocation hearing "must be adhered to only after the parolee is taken into custody as a parole violator").

Here, defendant was taken into custody on a new criminal charge; the Court had summoned defendant to appear at his revocation hearing. It is true that I ordered defendant detained at a joint hearing on both the new charge and the First Amended Petition to Revoke Supervised Release. Doc. 125. I ordered defendant detained, however, in both cases. Therefore, I do not find the reasonable time requirement of Rule 32.1(b)(1) applies when, as here, defendant's detention is not contingent solely on the petition to revoke his supervised release.

Even if, however, Rule 32.1(b)(2)'s reasonable time requirement applies in this case, I find that dismissal, at this stage at least, is not appropriate. The hearing on the petition to revoke defendant's supervised release has not yet been scheduled. Presumably, the Court will hold that hearing at the same time as the sentencing hearing for defendant's new conviction. If so, the time of that hearing would be reasonable both

for purposes of conserving judicial resources, but also because defendant would not be in custody any longer as a result of the timing of that hearing than he otherwise would be because of the timing of his sentencing hearing. Whether a hearing was held within a reasonable time may depend whether, as here, defendant engaged in other criminal conduct that resulted in other court proceedings that necessarily caused a delay in the revocation hearing. *See United States v. Blunt*, 680 F.2d 1216, 1218 (8th Cir. 1982) (holding that revocation hearing held ten months after a petition to revoke was filed was held within a reasonable time where the defendant had a new law violation which resulted in court proceedings that impacted the ability of the court to hold a revocation hearing). I suppose it is possible that if the Court did not address the petition to revoke supervised release at defendant's sentencing in the other case, and some prolonged period of time elapsed after that hearing before the Court held a revocation hearing, then possibly defendant might have grounds to allege an unreasonable delay under Rule 32.1(b)(2). As that has not occurred, then dismissal is not appropriate at this time.

Finally, defendant alleged that he pled guilty to the new charge pursuant to a plea agreement that "resolves" the issue. Doc. 129, at 1. The government responded that the plea agreement in the new case did not resolve any issues related to this revocation proceeding, and further represented that defense "counsel is no longer advancing this argument." Doc. 130, at 4. I reviewed the plea agreement at the time of defendant's change of plea hearing, and I agree that it did not resolve the instant petition to revoke defendant's supervised release. Accordingly, I do not find that it provides a basis for dismissal of the petition to revoke defendant's supervised release.

### IV.   CONCLUSION

For the reasons set forth above, I respectfully recommend the Court deny defendant's motion to dismiss the petition to revoke his supervised release (Doc. 127).

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CRIM. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* FED. R. CRIM. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**
**DATED t**his 6th day of December, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa