# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>RONALD LEE PRESTON RUPP,<br><br>        Defendant. | No. CR04-4025-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION TO DISMISS SUPERVISED RELEASE PETITION** |

_____

## I.  INTRODUCTION AND BACKGROUND

This case is before me on United States Magistrate Judge C.J. Williams's Report and Recommendation to Deny Defendant's Motion to Dismiss Supervised Release Petition (docket no. 135). In his Report and Recommendation, Judge Williams recommends denying defendant Ronald Lee Preston Rupp's motion because he finds no basis for dismissal of the petition to revoke Rupp's supervised release.

On September 2, 2016, I signed a petition to revoke Rupp's supervised release and issued a summons for him to appear at a hearing on September 7, 2016. Rupp later sought, and I granted, a continuance of the hearing. However, before that date, on September 21, 2016, a grand jury returned an Indictment against Rupp, in case No. CR16-4079-MWB, charging him with distributing 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1), and distributing 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count

2). On the same day, the prosecution filed an amended petition seeking revocation of Rupp's supervised release based on a new law violation.

On September 23, 2016, Rupp was arrested on the new criminal charges. On the same day, I continued the revocation hearing in this case indefinitely. On November 18, 2016, Rupp pleaded guilty to Count 1 of the Indictment, in case No. CR16-4079-MWB, under a binding plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In the plea agreement, the parties have stipulated to a sentence of 144 months' imprisonment and a maximum five years of supervised release. I accepted Rupp's guilty plea, but have not decided whether to accept the parties' Rule 11(c)(1)(C) plea agreement and the agreed upon sentence. Instead, I informed the parties that I will make that determination at the end of the sentencing hearing.

Rupp subsequently filed a Motion to Dismiss Supervised Release Petition (docket no. 127). Specifically, Rupp contends that "[t]he Government decided to continue the detention hearing without prior notice to this Defendant."[1] Rupp's Suppl. Brief at 1. Rupp also argues that when he pleaded guilty to the new criminal charge, the plea agreement in that case "resolves all prior and current issues." *Id.* Rupp's Motion to Dismiss was referred to Judge Williams pursuant to 28 U.S.C. § 636(b). After briefing, Judge Williams filed a Report and Recommendation in which he recommends that Rupp's Motion to Dismiss Supervised Release Petition be denied. Judge Williams concluded that dismissal is not warranted under Rule 32 and that the plea agreement in Case No. CR16-4079-MWB did not resolve the pending petition to revoke Rupp's supervised release in this case.

Rupp has, in turn, filed objections to Judge Williams's Report and Recommendation. Rupp argues that application of Rule 32 requires the Supervised Release

---

[1] Because Rupp's motion is based, in part, on application of Federal Rule of Criminal Procedure 32, and Rule 32 concerns the timing of a revocation hearing, and not a detention hearing, I view Rupp's reference, in his motion, to a "detention hearing" to be a scrivener's error and that he intended that reference to be to the revocation hearing.

Petition be dismissed. Rupp also contends that the plea agreement in Case No. CR16-4079-MWB resolved the pending petition to revoke Rupp's supervised release in this case.

## II. LEGAL ANALYSIS

### A. *Standard of Review*

A district judge must review a magistrate judge's report and recommendation in a criminal case under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b). Thus, when a party objects to any portion of a report and recommendation, the district judge must undertake a *de novo* review of that portion.

Any portions of a report and recommendation to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review a report and recommendation under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

Thomas v. Arn, 474 U.S. 140, 150 (1985).

Rupp has filed objections to Judge Williams's Report and Recommendation. I, therefore, undertake the necessary review of Judge Williams's recommended disposition of Rupp's Motion to Dismiss Supervised Release Petition.

### B. *Rupp's Objections*

#### 1. *Rule 32 violation*

Rupp objects to Judge Williams's determination that dismissal of the Supervised Release Petition is not required by Rule 32. Federal Rule of Criminal Procedure 32.1(b)(2) requires a court "hold the revocation hearing within a reasonable time in the district court having jurisdiction." FED. R. CRIM. P. 32.1(b)(2). Rupp argues that the delay, here, was not within a "reasonable time" as required by Rule 32.1(b)(2). The flaw in Rupp's objection is the Eighth Circuit Court of Appeals has held that "the provisions of Rule 32.1(a)(1) apply only to those individuals in custody solely for the violation of probation or supervised release." *United States v. Purdue*, 363 F.3d 695, 698 (8th Cir. 2004); *see United States v. Sackinger*, 704 F.2d 29, 30 (2d Cir. 1983). Like the defendant in *Pardue*, Rupp is not being held solely for his violations of supervised release. Rupp is also being held on the charges in Case No. CR16-4079-MWB. "Rule 32.1 exists to protect the probationer from undue federal incarceration and to protect the probationer's ability to defend the violation allegations." *Purdue*, 363 F.3d at 698. Because of Rupp's pending charges in Case No. CR16-4079-MWB, the requirements of Rule 32.1(a)(1) do not apply here. Accordingly, this objection to the Report and Recommendation is overruled.

4

## 2. *Scope of plea agreement*

Rupp also objects to Judge Williams's conclusion that the plea agreement in Case No. CR16-4079-MWB did not resolve the pending petition to revoke Rupp's supervised release in this case. I reviewed the plea agreement in that case and I agree with Judge Williams's assessment that it did not resolve the instant petition to revoke Rupp's supervised release. The agreement makes no mention of this case or the pending petition to revoke Rupp's supervised release. Moreover, Rupp has provided me with no evidence that the resolution of the petition to revoke Rupp's supervised release was intended to be addressed by the plea agreement in Case No. CR16-4079-MWB. Accordingly, I do not find that the parties plea agreement in Case No. CR16-4079-MWB provides a basis for dismissal of the petition to revoke Rupp's supervised release and overrule this objection to the Report and Recommendation.

## III. CONCLUSION

Therefore, for the reasons discussed above, I, upon a *de novo* review of the record, accept Judge Williams's Report and Recommendation and deny defendant Rupp's Motion to Dismiss Supervised Release Petition.

**IT IS SO ORDERED**.

**DATED** this 30th day of January, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA